

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2004

# In Re: US Mineral

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: US Mineral " (2004). *2004 Decisions.* Paper 408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO.  04-1363 and 04-1433
_____

IN RE: UNITED STATES MINERAL PRODUCTS COMPANY,
a Delaware Corporation
d/b/a
Isolatek International,
Debtor


UNITED STATES MINERAL PRODUCTS COMPANY,
a Delaware Corporation
d/b/a
Isolatek International

v.

OFFICIAL COMMITTEE OF ASBESTOS BODILY INJURY AND
PROPERTY DAMAGE CLAIMANTS; LEGAL REPRESENTATIVE

*ROBERTA A. DEANGELIS, Acting Trustee
(*Amended - Per Clerk's Order 3/18/04)

United States Mineral Products Company
Appellant No. 04-1363

James P. Verhalen,
Appellant No. 04-1433

_____

Appeals from the United States District Court
for the District of Delaware
(D.C. Civil No. 03-cv-00956)
District Judge:  Honorable Sue L. Robinson

_____

Argued May 27, 2004

Before:  RENDELL and COWEN, <u>Circuit Judges,</u>
and SCHWARZER*, <u>District Judge</u>

(Filed   August 6, 2004 )

_____

J. Gregg Miller     [ARGUED]
Pepper Hamilton
18th & Arch Streets
3000 Two Logan Square
Philadelphia, PA   19103
*Counsel for Appellant No. 04-1363*
   *United States Mineral Products Company*

Ian C. Bifferato
Bifferato, Bifferato & Gentilotti
1308 Delaware Avenue
P. O. Box 2165
Wilmington, DE   19899

James N. Lawlor     [ARGUED]
Wollmuth, Maher & Deutsch
One Gateway Center, 9th Floor
Newark, NJ  07102
*Counsel for Appellant No. 04-1433*
   *James P. Verhalen, LLC*

John J. Preefer  [ARGUED]
60 East 42nd Street
New York, NY   10165

Frederick B. Rosner
Jaspan Schlesinger Hoffman
1201 North Orange Street, Suite 1001
Wilmington, DE   19801
*Counsel for Appellee*
   *Official Committee of Asbestos Bodily Injury and*
   *Property Damage Claimants*

_____

   *    The Honorable William W Schwarzer, Judge of the United States District Court
        for the Northern District of California, sitting by designation.

Michael L. Temin [ARGUED]
Wolf, Block, Schorr & Solis-Cohen
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
*Counsel for Appellee,*
    *Legal Representative*

Richard L. Schepacarter
U. S. Department of Justice
Office of the Trustee
844 King Street
Suite 2207, Lockbox 35
Wilmington, DE 19801

Robert M. Loeb
Tara Leigh Grove  [ARGUED]
U.S. Department of Justice
Civil Division, Appellate Staff
Room 9149
601 D Street, N.W.
Washington, DC 20530

Frank J. Perch, III
U.S. Department of Justice
Office of the Trustee
844 King Street
Suite 2207, Lockbox 35
Wilmington, DE 19801
*Counsel for Appellee*
    *Roberta A. Deangelis, Acting Trustee*

_____

OPINION OF THE COURT
_____

PER CURIAM.

In this appeal, the debtor and its principal challenge the Bankruptcy Court's "*sua sponte*" appointment of a trustee, based upon statutory, constitutional, and evidentiary

grounds. We have jurisdiction pursuant to 29 U.S.C. §§ 158(d) and 1291, and we review the Bankruptcy Court's decision to appoint a trustee for abuse of discretion. In re Marvel Entm't Group, Inc., 140 F.3d 463, 470 (3d Cir. 1998). The Bankruptcy Court's legal determinations are reviewable *de novo*, and findings of fact are reviewed for clear error. In re Trans World Airlines, Inc., 145 F.3d 124, 130 (3d Cir. 1998). We find no abuse of discretion, and no legal or factual error here. Therefore, we will affirm.

## I.

Specifically, the debtor and Verhalen raise the following interrelated issues: 1) whether the Bankruptcy Court lacked the authority to "*sua sponte*" appoint a trustee under the provisions of 11 U.S.C. § 1104(a)(2); 2) whether the Bankruptcy Court violated due process principles by appointing a Chapter 11 trustee without providing the parties with notice and an opportunity to be heard; and 3) whether there was insufficient evidence in the record to support the Bankruptcy Court's resort to the extraordinary remedy of appointing a trustee. We answer each of these questions in the negative.

## II.

While legal principles no doubt animate our decision making, our conclusion in this case is uniquely fact-based. The parties are familiar with the circumstances surrounding these proceedings, so we will recite only those facts that we find to be particularly relevant to our determination. The debtor filed for Chapter 11 relief on July 23, 2001, in order to alleviate present and future asbestos liability. The debtor retained

4

exclusivity and submitted several plans to the Asbestos Committee beginning in March 2002; the Asbestos Committee also proposed plans to the debtor. At a July 31, 2003 hearing to consider the debtor's request to extend exclusivity, the debtor suggested "that it be put up for sale at an auction to break a deadlock among constituents." At that hearing the Bankruptcy Court stated:

> Here's what I'm going to do. If you can't come up with a consensual plan by the end of August, I'm going to appoint a Chapter 11 Trustee in this case who can sell the company and prepare a plan and file and go forward with it. That's what I'm going to do.
>
> So, exclusivity remains in place, but it won't matter at the end of August if you don't have a consensual plan because I'm going to appoint a trustee if you don't get one. That won't help anybody.

The debtor never challenged the Bankruptcy Court's authority for appointing a trustee or the factual basis for doing so. However, it did contend that a trustee was not needed and, if appointed, the trustee should have limited powers. The statement filed by the United States Trustee indicated:

> The UST has observed with dismay that this case has been highly contentious and that the parties have engaged in a great deal of bickering on the record that has likely generated professional fees far disproportionate to the value of the assets at stake. The observation of the Asbestos Claimants' Committee that significant unsecured credits were not originally scheduled, while it is cause for concern as to the Debtor's diligence and care in preparing its Schedules and noticing interested parties of the case, also serves to emphasize further that the anticipated return to creditors, asbestos as well as non-asbestos, declines with each dollar expended on further litigation of the type that has occurred all too frequently to date in this case. The UST believes that in the absence of reason to believe that this pattern will change, it may be in the best interests of creditors and the estate to appoint a disinterested trustee with full plenary power to manage the estate

5

and move the case forward.

> . . . .
>
> The UST is concerned about the conflict that will result if the Debtor's president and principal shareholder, James Verhalen, intends in any sale process to make an offer to buy the company (as the Asbestos Committee alleges), and Mr. Verhalen will simultaneously be the client directing the Debtor's relationship with the investment bankers marketing the company. This could result in Mr. Verhalen being on both sides of the transaction.

The Bankruptcy Court held another hearing on August 27, 2003, during which the Court announced that it would order the appointment of a Chapter 11 trustee based on the length of time the proceedings had been pending, the size of the case, the contentious and acrimonious nature of the relationships among the parties, the lack of trust, the lack of progress, and the need for a neutral party to "maximize value and construct a plan . . . acceptable to creditors." The United States Trustee appointed a Chapter 11 trustee on September 16, 2003.

III.

The debtor and its principal call on pristine legal principles in a fact pattern that is anything but pristine. Their objection to the Bankruptcy Court's appointment of a trustee "*sua sponte*" is based on their allegation that the Bankruptcy Code requires a party in interest to first request such appointment. But we simply are not required to invalidate the Bankruptcy Court's conduct here when no party ever challenged its authority to raise the issue the way it did, and where the United States Trustee essentially filed a suggestion – a statement that could easily be viewed in this context as a "request" – that a trustee be

6

appointed. Furthermore, the requirement that actions under § 1104(a) are only taken at the request of parties in interest has been severely diluted by the passage of the amendment to § 105 of the Bankruptcy Code in 1984, whereby the *sua sponte* raising of various issues by the Bankruptcy Court is permissible. See In re Bibo, Inc., 76 F.3d 256, 258 (9th Cir. 1996); 7 Collier on Bankruptcy ¶ 1104.02[2][b] (15th rev. ed. 2004). Under these circumstances, we cannot find that the Bankruptcy Court erred as a matter of law.

The constitutional challenge based on lack of notice and hearing is similarly lacking in merit, as the Bankruptcy Court did give notice nearly one month prior to the August 27, 2003 hearing, and there was ample opportunity for the parties to be heard. And lastly, we think that the evidentiary basis for the appointment was sufficient. The Bankruptcy Code provides that the court shall order the appointment of a trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2). In considering what is in the interests of creditors in connection with such a motion, "a bankruptcy judge has broad discretion to take judicial notice of the entire file as to what has or has not been filed and the outcome of previous proceedings brought before the court." Barry Russell, Bankruptcy Evidence Manual § 201.6 (2004).

Here, the facts outlined above, considered in light of our case law, provide ample support for the Bankruptcy Court's actions. See, e.g., Marvel, 140 F.3d at 473 (upholding the appointment of a trustee where there was "deep-seeded conflict and animosity"

7

between the parties). Appellants have not challenged the Bankruptcy Court's, or the appellees', characterizations of the status of the proceedings or the relationships among the parties; rather, they only question whether the conditions described were sufficient, as a matter of law, to warrant the appointment of a trustee. We conclude that they were. Accordingly, we find that there was no abuse of discretion.

IV.

For the reasons stated above, we will affirm the Order of the District Court upholding the Bankruptcy Court's decision to appoint a trustee.